```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3-1-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHARLES SMITH,
                Petitioner,

v.

EKPE D. EKPE, Superintendent,
                Respondent.
-----------------------------------------------------------x

**MEMORANDUM DECISION**

11 CV 47 (VB)

Briccetti, J.:

    Now pending before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("Report"), dated September 14, 2012 (Doc. #19), on petitioner pro se Charles Smith's petition for a writ of habeas corpus.

    On April 30, 2004, pursuant to a plea bargain worked out between his attorney and the prosecutor, petitioner pleaded guilty in Westchester County Court to robbery in the third degree and criminal sale of a controlled substance in the fifth degree, in full satisfaction of various charges pending against him. The Court promised a sentence of, inter alia, two to four years' imprisonment on each count, to run concurrently. The Court also advised petitioner that if he failed to appear for his pre-sentence interview with the probation department or failed to appear for sentencing, the sentence would be three and one-half to seven years' imprisonment on each count, to run consecutively. Petitioner failed to appear for sentencing and was ultimately arrested in Florida on a bench warrant.

    After he was returned to Westchester County Court, petitioner was assigned new counsel, who asked the court to sentence petitioner in accordance with the original plea bargain. Petitioner requested an adjournment so that he could submit a motion to withdraw his earlier guilty pleas. Defense counsel informed the court that he had reviewed the record and could not find a legal basis for making such a motion. The court then granted petitioner's request to file

1

the motion pro se. Petitioner submitted the motion, arguing he had been inappropriately pressured by his former attorney to plead guilty, and the guilty plea was statutorily improper. The court denied the motion and sentenced petitioner to consecutive terms of three and one-half to seven years' imprisonment.

Petitioner's conviction was affirmed by the Appellate Division, Second Department, on April 28, 2009, and leave to appeal to the Court of Appeals was denied. Petitioner also moved to vacate the judgment of conviction in the trial court, which was denied on December 28, 2007. Petitioner's application for leave to appeal to the Second Department was denied as well.

The instant habeas petition challenges only the robbery conviction.

For the reasons set forth below, the Court adopts the Report as the opinion of the Court, and accordingly DENIES the petition. The petition is dismissed in its entirety.

## STANDARD OF REVIEW

In reviewing a magistrate judge's recommended ruling, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of the recommended ruling to which no timely objections have been made,

provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates her original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency," Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008),[1] and should be construed to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show "the state court 'unreasonably' applied law as established by the Supreme Court in ruling on petitioner's claim, or made a decision that was 'contrary to' it." Cousin v. Bennett, 511 F.3d 334, 337 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his thorough and well-reasoned Report, Judge Davison recommended that this Court reject petitioner's arguments that (i) his Fifth Amendment rights were violated by the trial court's acceptance of his guilty plea to a less serious robbery offense than the one with which he was

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

originally charged; (ii) his Fourteenth Amendment rights were violated when the trial court denied his motion to withdraw his plea; and (iii) his Sixth Amendment rights were violated when his appointed counsel refused to move to withdraw the plea.

On October 23, 2012, petitioner filed an "affirmation in support of written objections." (Doc. #21). Although, for the most part, the objections merely reiterate the arguments petitioner made to Judge Davison, or are otherwise general or conclusory – which are therefore reviewed under a clearly erroneous standard – petitioner arguably makes two specific objections that this Court reviews under a de novo standard.

First, petitioner objects to Judge Davison's statement that "[o]n December 9, 2003, police officers observed Petitioner sell crack cocaine to an unknown male in Mount Vernon, New York." (Report, at 2). The record fully supports Judge Davison's statement. Moreover, petitioner is only challenging his conviction for robbery, and the robbery occurred on a different day involving petitioner's forcible theft, while displaying a handgun, of $868 from a gas station attendant. Therefore, whether or not police officers observed petitioner selling crack cocaine on December 9, 2003, is beside the point.

Second, petitioner claims Judge Davison incorrectly stated that "Petitioner has not pointed to specific, new evidence that would permit this Court to characterize his case as 'extraordinary' and therefore entitled to the 'extremely rare' miscarriage of justice exception." (Report, at 17 n.25) (discussing petitioner's failure to exhaust his second claim). In his objections, petitioner claims he was "recently informed by his younger brother of the identity of the actual perpetrator" of the robbery. Petitioner also claims he wrote to the District Attorney's office asking that this matter be investigated, and attaches correspondence from 2006 and 2007 showing that he did complain to the prosecutor's office, that the matter was investigated, and that

it was "determined that there is insufficient evidence to prove or disprove the complaint." Accordingly, this information is hardly "new" – it was apparently available to petitioner during the pendency of his state court proceedings. Moreover, it is not "evidence" tending to show his actual innocence – it is his own self-serving hearsay statement that someone else committed the crime. In short, as Judge Davison correctly found, petitioner's claim does not amount to actual innocence for purposes of the habeas corpus fundamental miscarriage of justice gateway that might allow this Court to review his unexhausted claim. (See Report, at 16-20).

As noted above, petitioner's remaining objections merely reiterate arguments he made to Judge Davison, or are otherwise general or conclusory, and thus are reviewed under a clearly erroneous standard. Ortiz v. Barkley, 558 F. Supp. 2d at 451. The Court has carefully reviewed Judge Davison's Report and finds no clear error.

Having reviewed the petition, petitioner's affirmation in support of the petition, respondent's papers in opposition, and petitioner's objections to the Report, as well all other papers submitted in this case, the Court concludes that Judge Davison's Report is not clearly erroneous. Moreover, the Court finds that the Report is a clear and proper statement and application of the law.

## CONCLUSION

The Report and Recommendation of Magistrate Judge Paul E. Davison is hereby adopted in its entirety as the opinion of the Court. The petition is accordingly DENIED and dismissed in its entirety. The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: March 1, 2013
    White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge